■ In the Matter of the Arbitration between BOARD OF TRUSTEES OF CAYUGA COUNTY COMMUNITY COLLEGE et al., Respondents, and CAYUGA COUNTY COMMUNITY COLLEGE FACULTY ASSOCIATION et al., Appellants. [750 NYS2d 721] —Appeal from a judgment of Supreme Court, Cayuga County (Corning, J.), entered June 15, 2001, which granted the petition seeking a permanent stay of arbitration.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Respondents filed a grievance alleging that the members of respondent Cayuga County Community College Faculty Association (Faculty Association) should be given the right of first refusal to teach courses offered to high school students and presently taught by high school teachers at the Cayuga-Onondaga Board of Cooperative Educational Services. Those students may earn dual credit for such courses, from their high schools and from Cayuga County Community College. Respondents thereafter alleged in the alternative that petitioners violated the collective bargaining agreement (CBA) by failing to approve the curricula for courses taught to those students. Upon receiving an unfavorable determination with respect to their grievance, respondents informed petitioners that they were submitting the grievance to arbitration pursu-

ant to article VI of the CBA, authorizing arbitration of "a legitimate contractual grievance."

Supreme Court erred in granting the petition seeking a permanent stay of arbitration. We note at the outset that the court applied an inappropriate test in granting the petition. In determining that an arbitration award in respondents' favor would bind a third party and was thus against public policy, the court necessarily considered "the merits of the grievance[, which] are not the court[']s concern" (*Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 142). "Even an apparent weakness of the claimed grievance is not a factor in the court's threshold determination. It is the arbitrator who weighs the merits of the claim" (*id.*). Rather, in determining whether a grievance between public sector parties is subject to arbitration under the Taylor Law (Civil Service Law art 14), the court should have conducted the two-step test set forth in *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. (United Liverpool Faculty Assn.)* (42 NY2d 509). "Initially the court must determine whether arbitration claims with respect to the particular subject matter are authorized by the terms of the Taylor Law" (*Board of Educ. of Watertown City School Dist.*, 93 NY2d at 137-138). Petitioners contend that Education Law § 6303 bars the arbitration on public policy grounds, and thus that the first step of the *Liverpool* test is not met. We reject that contention. Education Law § 6303 governs the two-year programs and curricula offered by community colleges to students seeking two years of post secondary education and is thus inapplicable to the issues raised by respondents in their grievance. The parties have bargained for the right of Faculty Association members to teach courses offered by petitioners at off-campus sites and have also bargained for the approval by petitioners of the curricula of the courses taught to high school students by high school teachers for which college credit is given. The assertion of respondents in their grievance that those provisions of the CBA have been violated renders the grievance subject to arbitration under the terms of the Taylor Law (*see generally* Civil Service Law § 204), and thus we conclude that the first step of the *Liverpool* test has been met.

Pursuant to the second step of the *Liverpool* test, the court must determine "whether the parties agreed to arbitrate the grievance" (*Board of Educ. of Watertown City School Dist.*, 93 NY2d at 140). Because "there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA" (*id.* at 143), we conclude that the second

step has been met, i.e., that the parties agreed by the terms of their arbitration clause to refer their differences in these areas to arbitration (*see id.* at 138). We therefore conclude that the grievance is subject to arbitration. Present—Pigott, Jr., P.J., Green, Scudder, Burns and Gorski, JJ.